UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENVER L. AMBURGEY,　　　　　　　　　Case No. 1:13-cv-513
　　　　Petitioner,
　　　　　　　　　　　　　　　　　　　　Spiegel, J.
　　vs.　　　　　　　　　　　　　　　　Bowman, M.J.

WARDEN, CHILLICOTHE　　　　　　　　　**REPORT AND**
CORRECTIONAL INSTITUTION,　　　　　　**RECOMMENDATION**
　　　　Respondent.

　　　　Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the petition, respondent's motion to dismiss, and petitioner's reply.  (Docs. 2, 6, 7).

**I.　　PROCEDURAL HISTORY**

**State Trial Proceedings**

　　　　On June 16, 2004, the Clermont County, Ohio grand jury returned a two-count indictment charging petitioner with kidnapping and rape.  (Doc. 6, Ex. 1).

　　　　On November 18, 2004, after a jury trial, petitioner was found guilty of both counts charged in the indictment.  (Doc. 6, Ex. 2).  Petitioner was sentenced on January 28, 2005, receiving a total aggregate sentence of eighteen years of imprisonment.  (Doc. 6, Ex. 4).

**Direct Appeal**

　　　　On January 31, 2005, petitioner filed a notice of appeal to the Ohio Court of Appeals. (Doc. 6, Ex. 5).  Through counsel, petitioner presented the following assignment of error for the court's consideration:

　　　　FIRST ASSIGNMENT OF ERROR
　　　　THE TRIAL COURT ERRED IN THAT THE VERDICT WAS AGAINST THE
　　　　MANIFEST WEIGHT OF THE EVIDENCE

(Doc. 6, Ex. 6). On March 6, 2006, the Ohio Court of Appeals overruled petitioner's assignment of error and affirmed the judgment of the trial court. (Doc. 6, Ex. 10).

## Ohio Supreme Court

On May 19, 2008, petitioner filed a pro se notice of appeal and motion to file a delayed appeal in the Ohio Supreme Court. (Doc. 6, Ex. 11, 12). On July 9, 2008, the Ohio Supreme Court denied petitioner's motion. (Doc. 6, Ex. 13).

## Motion for a New Trial

Meanwhile, on May 14, 2008, petitioner filed a pro se motion for a new trial and motion to vacate the indictment in the trial court. (Doc. 6, Ex. 25). The trial court denied petitioner's motion on June 16, 2008. (Doc. 6, Ex. 26).

Petitioner filed a pro se notice of appeal from the trial court's denial of his motion for a new trial on July 7, 2008. (Doc. 6, Ex. 27). The Ohio Court of Appeals denied petitioner's motion on December 22, 2008. (Doc. 6, Ex. 30).

Petitioner did not seek further review of the Ohio Court of Appeals decision in the Ohio Supreme Court.

## Application to Reopen Appeal

On March 13, 2012, petitioner filed an application to reopen his appeal in the Ohio Court of Appeals. (Doc. 6, Ex. 14). On May 2, 2012, the Ohio Court of Appeals denied petitioner's application. (Doc. 6, Ex. 16). Petitioner filed a motion for reconsideration on May 14, 2012, which was denied on July 12, 2012. (Doc. 6, Ex. 17, 20).

On August 1, 2012, petitioner filed a pro se notice of appeal to the Ohio Supreme Court from the Ohio Court of Appeals' denial of his application to reopen. (Doc. 6, Ex. 21). On September 26, 2012, the Ohio Supreme Court dismissed the appeal "as not involving any

substantial constitutional question." (Doc. 6, Ex. 24).

## Federal Habeas Corpus

Petitioner filed the instant federal habeas corpus action on July 12, 2013.[1] (Doc. 1). In the petition, petitioner raises the following single ground for relief:

> **Ground One:** 5th Amendment Double Jeopardy clause, because Common Pleas Court refused to consider on the record R.C. 2941.25, concerning allied offenses. 6th Amendment ineffective assistance of counsel.

(Doc. 2, p. 6).

Respondent has filed a motion to dismiss, arguing that the petition should be denied. (Doc. 6). Respondent contends that the habeas petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). *Id.*

## II. THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The petition was filed with the Court on July 22, 2013. (Doc. 1). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on July 12, 2013. (*See* Doc. 1, p. 16). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on July 12, 2013.

3

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner has not argued, nor is there evidence in the record to suggest, that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to his claims. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's ground for habeas relief is based on an alleged error that occurred during the trial proceedings. Since petitioner was aware of the facts underlying his claims by the close of trial, his ground for relief is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Here, petitioner's conviction and sentence became final on April 20, 2006, when the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' March 6, 2006 decision affirming the trial court's final judgment entry of conviction and sentence. *See* Ohio S.Ct.Prac.R. 6.01(A)(1). Although petitioner tried to pursue a delayed appeal to the Ohio Supreme Court, it is well-settled that unsuccessful motions for leave to file a delayed appeal, such as the one filed by petitioner in this case, do not restart the running of the statute under § 2244(d)(1)(A), but rather only can serve to toll an unexpired limitations period under § 2244(d)(2). *See, e.g., Black v. Warden, Lebanon Corr. Inst.,* No. 1:12cv821, 2013 WL 3811774, at *5 (S.D. Ohio July 19, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2013 WL 4067818 (S.D. Ohio Aug. 12, 2013) (Black, J.); *Taher v. Warden, Warren Corr. Inst.,* No. 1:12cv400, 2013 WL 485789, at *6 (S.D. Ohio

4

Feb. 6, 2013) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2013 WL 811867 (S.D. Ohio Mar. 5, 2013) (Bertelsman, J.) (and numerous cases cited therein); *Sayles v. Warden, London Corr. Inst.,* No. 1:11cv524, 2012 WL 3527226, at *5 n.1 (S.D. Ohio July 17, 2012) (Wehrman, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2012 WL 3527140 (S.D. Ohio Aug. 15, 2012) (Dlott, J.); *see also Applegarth v. Warden, North Cent. Corr. Inst.*, 377 F. App'x 448, 449-50 (6th Cir. 2010) (and Sixth Circuit cases cited therein). *Cf. Little v. Warden, Warren Corr. Inst.*, No. 1:10cv468, 2011 WL 2358565, at *4 n.2 (S.D. Ohio May 16, 2011) (Litkovitz, M.J.) (Report & Recommendation) (noting that although the Supreme Court held in *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009), that the *granting* of a delayed appeal motion restores the pendency of the direct appeal, thereby rendering the conviction non-final under § 2244(d)(1)(A), a delayed appeal motion that is *denied* does not restart the limitations period), *adopted,* 2011 WL 2293316 (S.D. Ohio June 9, 2011) (Bertelsman, J.). *See generally Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (distinguishing *Jimenez*, where the Court had adopted "the out-of-time appeal's date of finality over the initial appeal's date of finality," in holding that the petitioner's state conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired"). Therefore, the statute commenced running on April 21, 2006, one day after petitioner's conviction became final within the meaning of § 2244(d)(1)(A), and expired one year later absent application of statutory or equitable tolling principles.

During the one-year limitations period petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam);

5

*Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. The statute of limitations had run for 754 days before petitioner filed his May 14, 2008 motion for a new trial, the first of his post-conviction motions. (*See* Doc. 6, Ex. 25). Because petitioner's post-conviction motions were all filed after the one-year statute of limitations had expired statutory tolling would not serve to extend the limitations period. *Vroman,* 346 F.3d at 602.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied*, 133 S.Ct. 187 (2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*,

6

624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited 2640 days to file his habeas petition after the Ohio Court of Appeals dismissed his direct appeal. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Second, petitioner has not argued much less demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner. Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

Accordingly, petitioner has not demonstrated that an extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. Petitioner has not demonstrated that he lacked notice or constructive knowledge of the one-year filing requirement, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996. Most importantly, it is clear from the record that petitioner has not been diligent in pursuing his rights.

Accordingly, in sum, the undersigned concludes that petitioner's federal habeas corpus petition is time-barred. Therefore, respondent's motion to dismiss (Doc. 6) should be **GRANTED** and the instant habeas corpus petition (Doc. 2), filed over six years after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[2]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

---

[2] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENVER L. AMBURGEY,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:13-cv-513

Spiegel, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).